# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:17-cv-08378-R-KES                            Date: November 28, 2017

Title: RICARDO MATHEWS v. DEBBIE ASUNCION, Warden

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        Order to Show Cause Why Petition Should Not Be Dismissed as Mixed

On November 14, 2017, Ricardo Mathews ("Petitioner") filed a counseled petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his convictions for second-degree robbery, assault likely to produce great bodily injury, and dissuading a witness. (Id. at 1 ¶ 5.)

The Petition raises two grounds for relief: (1) Petitioner received ineffective assistance of counsel because counsel advised Petitioner not to testify at trial in support of Petitioner's claim of self-defense, and (2) the trial court erred in failing to instruct the jury on self-defense. (Id. at 5, 7, 16-23.) Petitioner states that Ground 2 was exhausted in a petition for review to the California Supreme Court, which was denied on November 22, 2016. (Id. at 2-3.) However, Ground 1 appears to be unexhausted. (Id. at 2-3, 5-7.) Petitioner states that he has raised Ground 1 in a habeas petition that was filed in the California Supreme Court on November 8, 2017; the Supreme Court has not yet ruled on that petition. (Id.)[1]

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id. Pursuant to the Anti-Terrorism and Effective Death Penalty

---

[1] See also California Appellate Courts Case Information, Case No. S245373, available at: http://appellatecases.courtinfo.ca.gov/.

Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). A district court has discretion to stay a federal habeas petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations. See Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003).

IT IS THEREFORE ORDERED that, on or before **December 18, 2017**, Petitioner is ordered to show cause why the instant federal Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do one of the following:

1. State that Petitioner would like to proceed only with the exhausted claim in Ground 2;

2. Explain when and how Petitioner believes Ground 1 was exhausted in state courts; or

3. File a motion to stay this action, under either Rhines v. Weber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), until the California Supreme Court has ruled on Petitioner's pending habeas petition.

Initials of Deputy Clerk JD